Thomas W. Davis, III, Esq.
Nevada Bar No. 2531
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
John J. Savage, Esq.
Nevada Bar No. 11455
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Tel. (702) 257-1483
Email: twd@h2law.com
Email: jwf@h2law.com
Email: jjs@h2law.com

*Attorneys for Plaintiff/Counterdefendant Volunteer Crossing, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VOLUNTEER CROSSING, LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br>  vs.<br><br>COUNTY OF CLARK, a political subdivision of the State of Nevada; and 32 ACRES, LLC, a Nevada limited liability company,<br><br>  Defendants. | Case No. 2:24-cv-01433-APG-DJA<br><br>**RULE 26(f) REPORT AND ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>~~SUBMITTED IN COMPLIANCE WITH LR 26-1(b)~~<br><br>**AS AMENDED** |

Plaintiff Volunteer Crossing, LLC ("Plaintiff" or "Volunteer") and Defendant Clark County, Nevada ("Clark County") and Third-Party Defendant 32 Acres, LLC ("32 Acres") hereby submit their joint Rule 26(f) report and proposed discovery plan and scheduling order in compliance with LR 26-1(b).

1.  Procedural History. Clark County removed this case to this Court on **August 6, 2024**. (*See* ECF No. 1.) In lieu of seeking a temporary restraining order, Plaintiff and Clark County stipulated to maintain the status quo for ninety (90) days. (*See* ECF Nos. 6, 8.) The order that followed permitted Clark County to join 32 Acres as a party to this action. (*Id.*) Clark County filed its Answer to the Complaint and a Third-Party Complaint against 32 Acres on August 22, 2024. (*See* ECF No. 12.) 32 Acres was served with the Third-Party Complaint on August 30, 2024. (*See* ECF No. 16.) 32 Acres filed its Answer to the Third-Party Complaint on

1

September 26, 2024.  (*See* ECF No. 19.)

2. Rule 26(f) Conference.  On **October 14, 2024**, the parties' counsel participated in a telephonic Rule 26(f) conference.  The participants were Jonathan W. Fountain, Esq. on behalf of Plaintiff, Thomas W. Dillard, Esq., on behalf of Clark County, and Ogonna M. Brown, Esq. and Trent Earl, Esq., on behalf of 32 Acres.

3. Rule 26(f) Report.  During the Rule 26(f) conference, the parties' counsel discussed the following issues:

a. Fed. R. Civ. P. 26(f)(3)(A) - What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?  **The parties agree that no changes should be made in the form or requirement for disclosures under Rule 26(a).  Rule 26(a)(1)(A) disclosures shall be served on or before October 28, 2024.**

b. Fed. R. Civ. P. 26(f)(3)(B) - The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues?  **The parties agree that discovery should commence on October 14, 2024, the date of the parties' Rule 26(f) conference, on all issues relevant and proportional to the parties' respective claims and defenses and should conclude on April 14, 2025.  The parties do not believe discovery should be conducted in phases or limited to or focused on any particular issues at this time.**

c. Fed. R. Civ. P. 26(f)(3)(C) - Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?  The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery.  The parties have also discussed the form or forms in which electronic discovery should be produced.  They inform the Court of the following agreements or issues:  **Plaintiff's counsel raised the issue of obtaining electronically stored information ("ESI") in discovery including, without limitation, emails, text messages, and information from the computer software application(s) and/or electronic database(s) utilized by Clark County in connection with its permitting approval**

4878-2705-2531, v. 1

**process including, without limitation, any electronically stored audit trails and/or notes concerning Volunteer Crossing's and 32 Acres' respective permit applications. The parties' counsel agreed to investigate the extent to which ESI exists and, in addition, agreed to consider a proposed electronic discovery protocol and proposed ESI order for the Court's consideration.**

      d.    <u>Fed. R. Civ. P. 26(f)(3)(D) - Any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order?</u> **The parties agree that discovery may require the disclosure of valuable, proprietary, financial, personal, and/or competitive business information. Accordingly, the parties agree to prepare and submit a proposed order governing the discovery, disclosure, and use of confidential information in this case on or before <u>October 28, 2024</u>.**

      e.    <u>Fed. R. Civ. P. 26(f)(3)(E) - What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed?</u>

      I.    **The parties agree that Rule 26 disclosures, written discovery requests, and written objections and responses thereto may be served by email upon the parties' respective counsel; and**

      II.    ~~**The parties agree, pursuant to LR 26-1(e), that, before moving for an order relating to discovery, the movant shall request an informal telephone conference with the assigned magistrate judge.**~~

      f.    <u>Fed. R. Civ. P. 26(f)(3)(F) - Any other orders that should be issued under Rule 26(c) or under Rule 16(b) and (c)?</u> **None at this time.**

    5.    <u>Proposed Schedule for the Completion of Discovery</u>. The parties agree to the following case management deadlines:

      a.    <u>Discovery Cutoff</u>. The discovery cutoff date shall be **April 14, 2025**;

      b.    <u>Amending the Pleadings and Adding Parties</u>. The last day to amend pleadings and add parties shall be: **January 14, 2025**;

3

4878-2705-2531, v. 1

c. <u>Expert Disclosures</u>.  The last day to make initial expert disclosures shall be **February 13, 2025.**  Rebuttal expert disclosures shall be served by **March 15, 2025**;

e. <u>Dispositive Motions</u>.  The last day for filing dispositive motions, including but not limited to motions for summary judgment, shall be: **May 14, 2025**;

g. <u>Pretrial Order</u>.  The last day for filing the Joint Pretrial Order shall be ~~May 14, 2025~~ [June 13, 2025] unless one or more dispositive motions have been filed, in which case the date for filing the Joint Pretrial Order shall be thirty (30) days after entry of the Court's order resolving the last pending dispositive motion.

i. <u>Pretrial Disclosures</u>.  In accordance with LR 26-1(b)(6), unless the Court orders otherwise, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the joint pretrial order;

6. <u>Alternative Dispute Resolution</u>.  In accordance with LR 26-1(b)(7), the parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation.

7. <u>Alternative Forms of Case Disposition</u>.  In accordance with LR 26-1(b)(8), the parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program, but respectfully decline these options at this time; and,

8. <u>Electronic Evidence</u>.  In accordance with LR 26-1(b)(9), the parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  The parties agree to consult the court's website and to contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and to obtain other requirements for the court's electronic jury evidence display system.

///

///

///

///

1   9. Calculation of Time. The parties agree that the provisions of Rule 6 of the Federal
2   Rules of Civil Procedure shall apply to the dates and deadlines set forth herein.
3   **IT IS SO AGREED AND STIPULATED**:

| HOWARD & HOWARD ATTORNEYS PLLC | OLSON CANNON & GORMLEY |
|---|---|
| By:  /s/ Jonathan W. Fountain  <br>Thomas W. Davis, Esq. <br>Nevada Bar No. 2531 <br>Jonathan W. Fountain, Esq. <br>Nevada Bar No. 10351 <br>John J. Savage, Esq. <br>Nevada Bar No. 11455 <br>3800 Howard Hughes Parkway, Ste. 1000 <br>Las Vegas, NV 89169 <br>Tel. (702) 257-1483 <br>Email: twd@h2law.com <br>Email: jwf@h2law.com <br>Email: jjs@h2law.com <br><br>*Attorneys for Plaintiff/Counterdefendant Volunteer Crossing, LLC* | By: /s/ Thomas D. Dillard  <br>Thomas D. Dillard, Esq. <br>Nevada Bar No. 6270 <br>9950 W. Cheyenne Ave. <br>Las Vegas, NV 89129 <br>Tel. (702) 384-4012 <br>Email: tdillard@ocgattorneys.com <br><br>*Attorneys for Defendant/Counterclaimant, and Third-Party Plaintiff Clark County, Nevada* <br><br>LEWIS ROCA ROTHGERBER CHRISTIE LLP <br><br>By: /s/ Ogonna M. Brown  <br>Ogonna M. Brown, Esq. <br>Nevada Bar No. 7589 <br>Trent L. Earl, Esq. <br>Nevada Bar No. 15214 <br>3993 Howard Hughes Pkwy., Suite 600 <br>Las Vegas, NV 89169 <br>Tel. (702) 949-8200 <br>Email: obrown@lewisroca.com <br>Email: tearl@lewisroca.com <br><br>*Attorneys for Third-Party Defendant 32 Acres, LLC* |

**IT IS THEREFORE ORDERED t**hat the parties' stipulation (ECF No. 25) is **granted in part and denied in part** as outlined herein.

**IT IS SO ORDERED:**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2024

5

4878-2705-2531, v. 1