# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VOLUNTEER CROSSING, LLC, a Nevada limited liability company, | Case No. 2:24-cv-01433-APG-MDC |
| Plaintiff, | |
| vs. | ORDER AWARDING PLAINTIFF REASONABLE ATTORNEY'S FEES AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION (ECF No. 70) |
| COUNTY OF CLARK, a political subdivision of the State of Nevada; DOES 1 through 10, inclusive; ROE ENTITIES 1 through 10, inclusive | |
| Defendants. | |
| and | |
| 32 ACRES, LLC, a Nevada limited liability company, | |
| Nominal Defendant. | |

On April 3, 2026, the Court entered an Order (ECF No. 67)("04/03/26 Order") granting in part and denying in part the *Stipulation Regarding Discovery Dispute* (ECF No. 62) by plaintiff Volunteer Crossing, LLC ("plaintiff") and defendant, County of Clark ("defendant").  Among other things, the Court granted plaintiff's request for reasonable attorneys' fees and costs against defendant relative to the parties' disputes over plaintiff's 30-day extension request. *See ECF No. 67*.  The Court has reviewed the *Declaration of Fees* by plaintiff's counsel (ECF No. 68)("Fees Declaration"); defendant's response and objections (ECF No. 69); and defendant's Motion for Reconsideration (ECF No. 70).

Plaintiff requests $25,622 in attorneys' fees based on 50.20 billed hours and $1,245.45 in costs. *ECF No. 67.*   The claimed costs are relative to Lexis legal research expenses.  Plaintiff, however, does not provide the Court with any invoices from Lexis, or an itemization of the Lexis claimed fees. Instead, the claimed Lexis fees are identified in the invoices from plaintiff's firm and a "work in progress"

spreadsheet at ECF Nos. 68-2 and 68-4.  As for the claimed fees and hours, the plaintiff provides billing records of Howard & Howard, which provide a reasonable itemization and description of the work performed, including dates and time billed.  Defendant objects (ECF No. 69) that plaintiff's requested fees and costs go beyond the limited award, are unreasonable, and should not exceed $5,000.  Defendant also moves for reconsideration (ECF No. 70) of the Court's 04/03/26 Order.

For the reasons below, the Court denies defendant's Motion for Reconsideration (ECF No. 70) and awards plaintiff **$4,680.00** in reasonable attorneys' fees relative to the parties' disputes over plaintiff's 30-day extension request.  The Court does not award plaintiff any of its claimed costs.

## I.    Motion for Reconsideration

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Under LR 59-1(a), "[a] party seeking reconsideration… must state with particularity the points of law or fact that the court has overlooked or misunderstood."  However, a motion for reconsideration should not "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880. Nor is a motion for reconsideration intended to ask the Court "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, No. 2:12-CV-591 JCM (GWF), 2013 U.S. Dist. LEXIS 17425, at *18 n.6 (D. Nev. Feb. 8, 2013).  Finally, "a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision…." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)(internal quotations omitted)(citations omitted).  Instead, a motion for reconsideration must be premised on (1) newly discovered evidence; (2) a clear error by the Court or showing the initial decision was manifestly unjust; or (3) an intervening change in controlling law. *Marlyn Nutraceuticals,* 571 F.3d at 880; *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

Defendant does not identify any newly discovered evidence or intervening change in controlling law. Nor does defendant identify any clear error. Instead, defendant argues that the Court should reconsider its 04/03/26 Order because defendant's denied plaintiff's 30-day extension request because plaintiff's request was less than 21 days before the discovery deadline and defendant felt plaintiff lacked good faith to make such request per LR 26-3. *See ECF No. 70.* This is the same argument defendant previously raised (*see ECF No. 71 at 24)*, which the Court considered and rejected. In sum, defendant disagrees with the Court's findings and asks the Court to rethink what the Court already thought and rejected. *See Marlyn Nutraceuticals*, 571 F.3d at 880; *Teller*, 2013 U.S. Dist. LEXIS 17425, at *18 n.6. Accordingly, defendant's *Motion for Reconsideration* is denied.

## II.    The Court Awards Plaintiff $4,680.00 In Reasonable Attorneys' Fees

In determining plaintiff's reasonable fees and costs, the Court considered among the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, *1 (D. Nev. Dec. 5, 2013). *See also Local Rule 54-14.*

The Court also considered that plaintiff was only entitled to reasonable attorneys' fees and costs relative to the parties' disputes over plaintiff's request for a 30-day extension. *ECF No. 67.*

### A.    Analysis And Discussion Of Factors Considered

The Court only considered the fees reported by Jonathan W. Fountain, plaintiff's principal attorney relative to the dispute at issue. While plaintiff may agree to pay for multiple attorneys pursuing similar tasks, it would not be appropriate to impose those arrangements here as part of the sanctions

3

against plaintiffs. *See e.g., Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.,* 2:12-CV-00054-GMN, 2012 WL 2244262, at *10 (D. Nev. June 15, 2012). ("[W]hile the law firm and its client may agree to multiple attorneys working on a case, the court will not impose sanctions against Shenzhen for the entire amount."). The Court also considered the experience, reputation, and abilities of Attorney Fountain (ECF No. 65-5). The Court finds Attorney Fountain possessed the requisite skill to perform the services at issue.

Reasonable attorney's fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 978 (9th Cir. 2008)). Attorney Fountain's $585 hourly fee is reasonable. Among other things, he has approximately 24 years' experience practicing federal litigation as lead and local counsel in a variety of complex litigation matters. *ECF No. 65-5.* Courts in our district have previously found similar hourly rates to be reasonable for the Las Vegas legal community for attorneys with similar years of experience. *See Humphries v. Button,* No. 2:21-cv-01412-ART-EJY, 2025 U.S. Dist. LEXIS 50920, at *5 (D. Nev. Mar. 20, 2025)(findings hourly fees of $600 and $750 to be reasonable for experienced attorneys).

At to the actual work performed, plaintiff's counsel state they have expended 50.20 attorney hours relative to the dispute as a whole, which plaintiff argues is "intertwined" and "inseparable" from the dispute over the 30-day continuance. Plaintiff provides copies of counsel's billing records to support the time and provide reasonable summaries of services provided. *ECF Nos. 67-1 to 67-3.* The Court has broad discretion to in determining the reasonableness of hours claimed and to reduce the number of hours claimed. *CLM Partners LLC*, 2013 WL 6388760, at *6; *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp. 458, 460 (D.Nev.1995)("In other words, the court has discretion to trim fat from, or otherwise reduce, the number of hours claimed to have been spent on the case."). Reductions are appropriate here.

First, the Court's award to plaintiff was limited. The Court expressly awarded plaintiff reasonable attorneys' fees and costs only relative to the dispute over plaintiff's 30-day continuance, not the entire nature of its discovery dispute with defendant.  Such limited dispute was not novel, and the Court finds plaintiff's reported 50+ hours and fees are unreasonable (under the limited nature of the award) and beyond the scope of the Court's award.  Having reviewed the billing records and considering the limitation of fees imposed, the Court awards plaintiff **$4,680.00** in reasonable fees based on 8 attorney (Fountain) hours, which are more aligned with the narrowed dispute.

**B.      Reasonableness of Costs**

The Court does not award plaintiff any costs because plaintiff's cost documentation is not sufficient nor reasonably identifies the actual fees/research time spent on the limited issue over plaintiff's 30-day continuance.

**III.    Conclusion and Order**

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that:

(1).  Defendant's *Motion for Reconsideration* (ECF No. 70) is **DENIED**.

(2).  Defendant shall, by no later than **July 9, 2026**, pay plaintiff **$4,680.00** in reasonable attorneys' fees.

Dated:  June 9, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

5