**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Volunteer Crossing, LLC,<br>Plaintiff(s),<br>vs.<br>County of Clark, et al.,<br>Defendant(s). | 2:24-cv-01433-APG-MDC<br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO AMEND (ECF NO. 77)** |

Plaintiff filed a *Motion for Leave to Amend* ("Motion") (ECF No. 77). The Court **RECOMMENDS DENYING** the Motion.

## I. BACKGROUND

Plaintiff Volunteer Crossing LLC seeks leave to amend its complaint to add a negligence claim against defendant County of Clark ("Clark County"). *ECF No. 77 at 1*. Plaintiff and former defendant 32 Acres, LLC ("32 Acres") are real-estate developers. *Id.* Both submitted competing applications to Clark County for preliminary location-suitability determinations for proposed taverns. *Id.* Plaintiff alleges that it submitted the first complete application because it provided proof of zoning approval, while 32 Acres' earlier-filed application was incomplete. *Id. at 1-3.* Plaintiff alleges that Clark County intentionally granted 32 Acres' application instead of plaintiff's application in violation of the law. *Id*.

The deadline to amend pleadings was January 14, 2025. *ECF No. 25 at 3.* Plaintiff argues that the late Motion is justified by a singular statement in Clark County's partial-summary-judgment motion: "[e]ven if they all made the wrong call here, Plaintiff has no equal protection claim for a mistake." *ECF No. 77 at 3 (quoting ECF No. 75 at 21)*. Plaintiff characterizes this statement as Clark County's first assertion that its conduct may have been negligent rather than intentional. *Id. at 3-5*.

Plaintiff argues that it acted diligently because it promptly sought Clark County's consent to amend after Clark County used the term "mistake" in that sentence in its summary-judgment motion.

*Id.* at 5. Plaintiff sought consent to amend four days after Clark County filed its summary-judgment motion and filed the present Motion eleven days later. *Id.* Plaintiff also maintains that its proposed amendment adds only a legal theory based on existing facts and would not require additional discovery. *Id.* at 8-9; *ECF No. 82 at 3*.

Clark County responds that the "mistake" language did not disclose a new factual basis for a negligence claim. *ECF No. 80 at 2-3*. It argues that it consistently maintained that it correctly applied Clark County Code § 8.20.115, and that any error in its interpretation would not establish intentional discrimination or an equal-protection violation. *Id. at 3-10*. Clark County argues that plaintiff knew the operative facts from the beginning of the case and is seeking to add a claim after discovery closed and summary-judgment motion practice began. *Id. at 2-3, 10-15*. Clark County also asserts that its answer expressly placed plaintiff on notice of negligence-related affirmative defenses. *See ECF No. 80 at 7, see also ECF No. 12, Affirmative Defense No. 8 at 12 and Affirmative Defense No. 34 at 15*. Plaintiff replies that the answer's references to negligence were conclusory and did not give plaintiff fair notice that Clark County would contend its conduct was negligent rather than intentional. *ECF No. 82 at 3.*

## II. LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Federal Rule of Civil Procedure 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

However, when a party seeks leave to amend after the deadline set in the scheduling order, it must first satisfy the more stringent good-cause standard under Federal Rule of Civil Procedure 16(b). *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). "Unlike Rule

15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *Id*. (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend). The decision whether to grant or deny leave to amend is committed to the Court's discretion. *Johnson*, 975 F.2d at 607 ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion.")(internal quotations and citation omitted).

Since plaintiff seeks leave to amend after expiration of the applicable deadline, it also must establish that its failure to act timely resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); LR 26-3. In assessing excusable neglect, the Court considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal citation and quotation marks omitted); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**III. ANALYSIS**

Plaintiff has not shown good cause to modify the expired pleading-amendment deadline. The operative question under Rule 16(b) is whether plaintiff could not have met the January 14, 2025 deadline despite diligence. *Johnson*, 975 F.2d at 609. Plaintiff has not made that showing.

The proposed negligence claim rests on the same underlying events that have been central to this case from its inception: Clark County's processing and resolution of the competing location-

suitability applications. Plaintiff does not identify new facts discovered after the amendment deadline that were unavailable before the deadline. Plaintiff relies instead on a statement in Clark County's partial-summary-judgment motion, that an alleged mistake would not support an equal-protection claim. *ECF No. 77 at 3*. That statement concerns the legal significance of the alleged conduct in relation to plaintiff's equal-protection claim; it does not supply new operative facts about the processing of plaintiff's application, 32 Acres' application, or Clark County's challenged decision.

Moreover, Clark County's answer included affirmative defenses that expressly referred to and raised the issue of negligence. It asserted that no recovery under 42 U.S.C. § 1983 could rest on claims sounding in negligence and that, if Clark County negligently injured plaintiff, plaintiff's own contributory negligence caused or contributed to the alleged damages. *ECF No. 12, Affirmative Defense No. 8 at 12 and Affirmative Defense No. 34 at 15*. The Court need not decide whether these defenses alone gave plaintiff fair notice of a particular litigation position. The relevant fact for Rule 16 purposes is that plaintiff already possessed the facts surrounding its claimed injury and could have pleaded negligence in the alternative before the amendment deadline.

Plaintiff has not shown that it exercised diligence in waiting more than eighteen months after the deadline to seek amendment. All that is required for an affirmative defense is a short, plain statement, which is precisely what Clark County stated. To the extent that plaintiff felt the affirmative defenses were not sufficiently supported, it could have (1) conducted discovery to investigate the defenses, or (2) moved to strike an insufficient defense under Federal Rule of Civil Procedure 12(f). Plaintiff did neither.

Plaintiff's prompt action after Clark County filed its summary-judgment motion does not establish the diligence Rule 16(b) requires. Although plaintiff sought consent to amend within four days and filed the present Motion eleven days later (see ECF No. 77 at 5), Rule 16(b) requires diligence in attempting to comply with the scheduling order's amendment deadline, not diligence after

a later development in the litigation. See *Johnson*, 975 F.2d at 609. Because plaintiff has not shown that it could not have timely asserted the proposed negligence claim despite diligence, it has not established good cause. The inquiry therefore ends. *Id.*

Plaintiff also has not demonstrated excusable neglect. Plaintiff filed the Motion more than eighteen months after the pleading-amendment deadline expired, after discovery closed, and after Clark County filed its motion for partial summary judgment. Plaintiff's stated reason for the delay, the reference to a possible mistake, does not explain why plaintiff could not timely plead negligence, based on the same facts it now relies upon. This substantial delay at the summary-judgment stage would also prejudice Clark County by requiring it to litigate a new claim after the close of discovery and after filing a dispositive motion. The excusable-neglect considerations do not support relief. *See Lemoge*, 587 F.3d at 1192. Plaintiff has not established good cause under Rule 16(b) or excusable neglect under Rule 6(b)(1)(B). The Court recommends denying plaintiff's Motion for Leave to Amend.

**IT IS RECOMMENDED THAT** plaintiff's *Motion for Leave to Amend* (ECF No. 77) be **DENIED.**

DATED: September 9, 2026.

_________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge